UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL KOLAR,

    Plaintiff,

v.                                 Case No.:  2:24-cv-1000-SPC-NPM

ANGIODYNAMICS, INC. and
NAVILYST MEDICAL, INC.,

    Defendants.
_____/

## OPINION AND ORDER

This matter comes before the Court after review of the docket.  Plaintiff Michael Kolar brings this product liability action against Defendants Angiodynamics, Inc. and Navilyst Medical, Inc.  (Doc. 1).  Because Plaintiff fails to properly allege jurisdiction the Court dismisses his complaint without prejudice.

The Court is "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Plaintiff invokes the Court's diversity jurisdiction. (Doc. 1 ¶ 6).  The Court has diversity jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  The Defendants' citizenship is at issue here.

Both Defendants are corporations. A corporation is a citizen of both where it is incorporated and where it has its principal place of business. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011) (citing 28 U.S.C. § 1332(c)(1)).

For Defendant Angiodynamics, the complaint alleges that it is a "corporation organized and existing under the laws of Delaware, with a principal place of business now and at all relevant times located in Latham, New York." (Doc. 1 ¶ 3). But the complaint also alleges that "Angiodynamics is a citizen of Delaware and *New Jersey*." (Doc. 1 ¶ 6) (emphasis added). Plaintiff must determine whether Angiodynamics has its principal place of business in New York or New Jersey (or wherever else) and correct his complaint.

For Defendant Navilyst, the complaint alleges that it is a "corporation organized and existing under the laws of Delaware, with its headquarters located in Marlborough, Massachusetts." (Doc. 1 ¶ 4). Thus, the complaint concludes, "Navilyst is a citizen of Delaware and Massachusetts." (Doc. 1 ¶ 6). The complaint's reliance on Navilyst's headquarters to allege its principal place of business, however, is improper. *See Mercola v. New York Times Co.*, No. 24-10784, 2024 WL 3443465, at *1 (11th Cir. May 6, 2024) (explaining that a bare allegation of a company's headquarters location is insufficient on its own to establish principal place of business for purposes of diversity jurisdiction).

Without either Defendants' principal place of business, the Court cannot determine their citizenship. And without Defendants' citizenship, the Court cannot determine whether it has diversity jurisdiction over this action. Plaintiff must amend.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED without prejudice.**

2. **On or before November 25, 2024**, Plaintiff must file an amended complaint consistent with this order. **Failure to comply may result in dismissal without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on November 18, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3